UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00350-SEP |
| | ) |
| PRESBYTERIAN CHILDREN'S | ) |
| HOME SERVICES, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Sidney Keys' application for leave to commence this civil action without prepayment of the required filing fee. Doc. [3]. Having reviewed the financial information provided, the Court finds Plaintiff unable to pay any portion of the filing fee; he is granted leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a). Additionally, for the reasons set forth below, the Court dismisses this action without prejudice.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also*

-1-

*Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## THE COMPLAINT

Plaintiff has filed numerous lawsuits in this Court. Since March 2025, he has filed 19 cases in this district. In the present action, Plaintiff alleges Defendant Presbyterian Children's Home Services took his children without cause. Doc. [1]. In the remainder of his Statement of Claim, Plaintiff discusses the achievements of his children.

## DISCUSSION

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have disclaimed jurisdiction over cases involving domestic relations. *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013); *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994); *see also Frawley v. Schutt*, 2021 WL 5415326, at *6 (E.D. Mo. Feb. 19, 2021) ("Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction."). In *Kahn*, the Eighth Circuit recognized that "[t]he domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." 21 F.3d at 861. Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.*

Here, although the Complaint alleges federal civil rights violations, Plaintiff's claims are inextricably intertwined with state court determinations of custody of his minor child. *Id.*

Plaintiff is asking the Court to rule on issues relating to child custody, which is the outcome of state court proceedings and involves state domestic relations. "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law," and federal "[c]ourts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Frawley*, 2021 WL 5415326 at *6 (quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D. Idaho Nov. 13, 2020)). Because Plaintiff's claims are inextricably intertwined with underlying state custody issues, the Court will abstain from exercising jurisdiction over his claims. *See Kahn*, 21 F.3d at 860 n.1 ("Courts generally use abstention in the context of a dispute relating to domestic relations where the controversy does not fall within the exact purview of divorce, alimony, or child custody but instead is closely related.").

The Complaint also fails to state a claim under § 1983 because Defendant Presbyterian Children's Home Services is a private agency, and Plaintiff has alleged no facts from which the Court could infer it was acting under color of law. A defendant can only be held liable for civil rights violations pursuant to § 1983 for actions taken under color of state law. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014). Nor has Plaintiff alleged any facts from which the Court could find Defendant participated in any joint activity with the state or that there was any mutual understanding between Defendant and a state actor. *See Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009).

## Conclusion

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible claim of civil rights violations under § 1983. The case is therefore dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of November, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE